IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:09-cv-00408-FJG |
| MGP INVESTMENTS, LLC, and GIRISH PATEL, | ) Jury Trial Demanded |
| Defendants. | ) |

## COMPLAINT

Plaintiff Choice Hotels International, Inc. (hereinafter, "Choice Hotels") hereby asserts this Complaint against Defendants MGP Investments, LLC, and Girish Patel (collectively "Defendants") for: (1) infringement of Choice Hotels' federally registered trademarks pursuant to § 32(l) of the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of origin and unfair competition pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) breach of contract.

## INTRODUCTION

Choice Hotels owns the rights to the RODEWAY INN® family of marks and ECONO LODGE® family of marks (collectively the "Marks"). In 2006, Choice Hotels and Defendants entered into two franchise agreements whereby Defendants were authorized to use the Marks in connection with two hotels owned by Defendants in Blue Springs, Missouri. In 2007, Choice Hotels terminated the franchise agreements due to Defendants' failure to maintain certain minimum standards and to pay the franchise fees, and instructed Defendants to cease holding themselves out as ECONO-LODGE® and RODEWAY INN® hotels. Defendants ignored this instruction, and continue to use the Marks and hold themselves out as Plaintiff's hotels, despite

repeated demands by Choice Hotels to stop. In this action, Choice Hotels seeks an injunction preventing Defendants from making further use of the Marks, and to recover damages and attorney's fees for Defendants unlawful conduct.

## THE PARTIES

1. Choice Hotels is a corporation organized under the laws of the State of Delaware with its principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.

2. Upon information and belief, MGP Investments, LLC ("MGP") is a limited liability company organized and existing under the laws of the State of Missouri. MGP may be served with process through its registered agent, Stephanie G. Hazelton, at 4600 Madison Ave, Suite 650, Kansas City, Missouri 64112.

3. Upon information and belief, Girish Patel ("Patel") is an individual residing at 1110 N. 7th Highway, Blue Springs, Missouri 64014.

## NATURE OF ACTION

4. This is an action for trademark infringement, false designation of origin and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq*.), and breach of contract.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). Jurisdiction over the state law claims is appropriate pursuant to 28 U.S.C. § 1367. The claims asserted herein arose in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2).

## THE CHOICE HOTELS MARKS

7. Choice Hotels and its predecessors-in-interest have continuously operated and franchised hotels under the RODEWAY INN® family of marks since 1976. The RODEWAY

INN® marks consist of RODEWAY INN®, RODEWAY INN & SUITES®, RODEWAY INN & Design®, RODEWAY INN & SUITES & Design®. The RODEWAY INN® marks have been widely advertised and services have been extensively offered under them throughout the United States.

8. On October 21, 1986, Choice Hotels' predecessor in interest registered the mark RODEWAY INN & Design with the United States Patent and Trademark Office ("USPTO") (Reg. No. 1,414,585). A true and correct copy of this registration, which has been assigned to Choice Hotels, is attached hereto as Exhibit A and incorporated herein by this reference. Choice Hotels' mark RODEWAY INN & Design® is incontestable under 15 U.S.C. § 1065.

9. On October 21, 1986, Choice Hotels' predecessor in interest registered the mark RODEWAY INN & Design (Lined for Blue) with the USPTO (Reg. No. 1,414,584). A true and correct copy of this registration, which has been assigned to Choice Hotels, is attached hereto as Exhibit B and incorporated herein by this reference. Choice Hotels' mark RODEWAY INN & Design® (Lined for Blue) is incontestable under 15 U.S.C. § 1065.

10. On December 24, 1991, Choice Hotels' predecessor in interest registered the mark RODEWAY INN with the USPTO (Reg. No. 1,669,813). A true and correct copy of this registration, which has been assigned to Choice Hotels, is attached hereto as Exhibit C and incorporated herein by this reference. Choice Hotels' mark RODEWAY INN® is incontestable under 15 U.S.C. § 1065.

11. On June 26, 2001, Choice Hotels registered the mark RODEWAY INN & SUITES & Design with the USPTO (Reg. No. 2,463,494). A true and correct copy of Choice Hotels' registration for the mark RODEWAY INN & SUITES & Design® is attached hereto as

Exhibit D and incorporated herein by this reference. Choice Hotels' mark RODEWAY INN & SUITES & Design® is incontestable under 15 U.S.C. § 1065.

12. On June 3, 2003, Choice Hotels registered the mark ALWAYS FRESH . . . RODEWAY with the USPTO (Reg. No. 2,722,220). A true and correct copy of Choice Hotels' registration for the mark ALWAYS FRESH . . . RODEWAY® is attached hereto as Exhibit E and incorporated herein by this reference. Choice Hotels' mark ALWAYS FRESH . . . RODEWAY® is incontestable under 15 U.S.C. § 1065.

13. On November 29, 2005, Choice Hotels registered the mark RODEWAY INN & SUITES with the USPTO (Reg. No. 3,020,736). A true and correct copy of Choice Hotels' registration for the mark RODEWAY INN & SUITES® is attached hereto as Exhibit F and incorporated herein by this reference.

14. Choice Hotels and its predecessors-in-interest have continuously operated and franchised hotels under the ECONO LODGE® family of trademarks since at least 1990. The ECONO LODGE® marks consist of 1-800-55-ECONO®, ECONO LODGE®, and ECONO LODGE INN & SUITES®. The ECONO LODGE® marks have been widely advertised and services have been extensively offered under them throughout the United States.

15. On August 23, 1966, Choice Hotels' predecessor in interest registered the mark ECONO LODGE with the USPTO (Reg. No. 813,642). A true and correct copy of this registration, which has been assigned to Choice Hotels, is attached hereto as Exhibit G and incorporated herein by this reference. Choice Hotels' mark ECONO LODGE® is incontestable under 15 U.S.C. § 1065.

16. On October 19, 1993, Choice Hotels registered the mark ECONO LODGE & Design with the USPTO (Reg. No. 1,799,814). A true and correct copy of Choice Hotels'

registration for the mark ECONO LODGE & Design® is attached hereto as Exhibit H and incorporated herein by this reference. Choice Hotels' mark ECONO LODGE & Design® is incontestable under 15 U.S.C. § 1065.

17. On December 14, 1993, Choice Hotels registered the mark 1-800-55-ECONO with the USPTO (Reg. No. 1,811,300). A true and correct copy of Choice Hotels' registration for the mark 1-800-55-ECONO® is attached hereto as Exhibit I and incorporated herein by this reference. Choice Hotels' mark 1-800-55-ECONO ® is incontestable under 15 U.S.C. § 1065.

18. On August 4, 1998, Choice Hotels registered the mark ECONO LODGE with the USPTO (Reg. No. 2,178,518). A true and correct copy of Choice Hotels' registration for the mark ECONO LODGE® is attached hereto as Exhibit J and incorporated herein by this reference. Choice Hotels' mark ECONO LODGE® is incontestable under 15 U.S.C. § 1065.

19. On August 31, 2004, Choice Hotels registered the mark ECONO LODGE INN & SUITES with the USPTO (Reg. No. 2,878,530). A true and correct copy of Choice Hotels' registration for the mark ECONO LODGE INN & SUITES® is attached hereto as Exhibit K and incorporated herein by this reference.

## THE ECONO LODGE AGREEMENT

20. On July 14, 2006, Choice Hotels entered into a Franchise Agreement with MGP and Patel allowing Defendants to operate an ECONO LODGE® Hotel located in Blue Springs, Missouri (the "ECONO LODGE® Agreement"). A true and correct copy of the ECONO LODGE® Agreement is attached hereto as Exhibit L and incorporated herein by this reference.

21. Under the ECONO LODGE® Agreement, Choice Hotels granted Defendants a license to use the ECONO LODGE® Marks in connection with Defendants' hotel for the term of the Agreement.

22. Defendants have used and continue to use the ECONO LODGE® Marks in a wide variety of ways, and the ECONO LODGE® Marks may appear on, among other things, signs, billboards, property signage, entrance signage, building signage, local yellow page ads, airport advertising, lobby display/backdrop, owner's plaques, rate/hotel law cards, guest and office stationary, shower curtains, fire evacuation cards, soap/amenity packages, in-room organizers, cups, glasses, van signs, folios, name tags, ice buckets, guest services directories, sani-bags, travel directories, ashtrays, phone place info, matches, brochures, rack cards, flyers, guest room door signage, "do not disturb" cards, wastebaskets, sanitary toilet strips, pads, pencils, pens, and guest comment cards.

23. Pursuant to the ECONO LODGE® Agreement, Choice Hotels had the right to terminate the ECONO LODGE® Agreement if Defendants materially defaulted by, among other things, failing to pay the franchise fee.

24. Defendants agreed that, if Choice Hotels terminated the Agreement, Defendants would immediately cease and desist using the ECONO LODGE® Marks.

25. Prior to March 20, 2007, Defendants defaulted on their material obligations under the ECONO LODGE® Agreement by failing to pay the franchise fee.

26. On March 20, 2007, Choice Hotels sent Defendants a Notice of Default in connection with the ECONO LODGE® Agreement.

27. Defendants did not respond to the Notice of Default.

28. On June 27, 2007, after Defendants failed to cure their default, Choice Hotels sent Defendants a Notice of Termination terminating the ECONO LODGE® Agreement, demanding that Defendants cease and desist use of the ECONO LODGE® Marks, and informing Defendants

KCP-1640549-1

6

Case 4:09-cv-00408-FJG   Document 1   Filed 05/29/09   Page 6 of 15

that any use of the ECONO LODGE® Marks after September 27, 2007 would constitute trademark infringement and breach of contract.

29. Defendants did not respond to the Notice of Termination.

30. On November 29, 2007, a Brand Performance Consultant for Choice Hotels visited Defendants' hotel. At that time, Defendants were still calling, representing, and operating their hotel as an ECONO LODGE® hotel.

31. On February 22, 2008, after discovering that Defendants were continuing to use the ECONO LODGE® Marks, Choice Hotels again notified Defendants that their unauthorized use of the ECONO LODGE® Marks constituted trademark infringement.

32. Defendants did not respond to the notification referenced in the preceding paragraph.

33. On June 18, 2008, after receiving no response to the February 22, 2008 notification, Choice Hotels notified Defendants—for a third time—that their unauthorized use of the ECONO LODGE® Marks constituted trademark infringement.

34. Defendants did not respond to the notification referenced in the preceding paragraph.

35. Despite Choice Hotels' demands, Defendants' wrongful use of the ECONO LODGE® Marks continues through the date of filing this suit.

## THE RODEWAY INN AGREEMENT

36. On July 14, 2006, Choice Hotels entered into a Franchise Agreement with MGP and Patel allowing Defendants to operate a RODEWAY INN® Hotel located in Blue Springs, Missouri (the "RODEWAY INN® Agreement"). A true and correct copy of the RODEWAY INN® Agreement is attached hereto as Exhibit M and incorporated herein by this reference.

37. Under the RODEWAY INN® Agreement, Choice Hotels granted Defendants a license to use the RODEWAY INN® Marks in connection with Defendants' hotel for the term of the Agreement.

38. Defendants have used and continue to use the RODEWAY INN® Marks in a wide variety of ways, and the RODEWAY INN® Marks may appear on, among other things, signs, billboards, property signage, entrance signage, building signage, local yellow page ads, airport advertising, lobby display/backdrop, owner's plaques, rate/hotel law cards, guest and office stationary, shower curtains, fire evacuation cards, soap/amenity packages, in-room organizers, cups, glasses, van signs, folios, name tags, ice buckets, guest services directories, sani-bags, travel directories, ashtrays, phone place info, matches, brochures, rack cards, flyers, guest room door signage, "do not disturb" cards, wastebaskets, sanitary toilet strips, pads, pencils, pens, and guest comment cards.

39. Pursuant to the RODEWAY INN® Agreement, Choice Hotels had the right to terminate the RODEWAY INN® Agreement if Defendants materially defaulted by, among other things, failing to meet certain minimum standards. Defendants agreed that, if Choice Hotels terminated the Agreement, Defendants would immediately cease and desist using any of the RODEWAY INN® Marks.

40. Prior to March 15, 2007, Defendants defaulted on their material obligations under the RODEWAY INN® Agreement by failing to meet certain minimum standards.

41. On March 15, 2007, Choice Hotels sent Defendants a Notice of Default in connection with the RODEWAY INN® Agreement.

42. Defendants did not respond to the Notice of Default.

KCP-1640549-1

8

Case 4:09-cv-00408-FJG   Document 1   Filed 05/29/09   Page 8 of 15

43. On April 3, 2007, after Defendants failed to cure their default, Choice Hotels sent Defendants a Notice of Termination terminating the RODEWAY INN® Agreement, demanding Defendants cease and desist use of the RODEWAY INN® Marks, and informing Defendants that any use of the RODEWAY INN® Marks after July 3, 2007 would constitute trademark infringement and breach of contract.

44. Defendants did not respond to the Notice of Termination.

45. On November 29, 2007, a Brand Performance Consultant for Choice Hotels visited Defendants' hotel. At that time, Defendants were still calling, representing, and operating their hotel as a RODEWAY INN® hotel.

46. On December 18, 2007 and again on February 22, 2008, after discovering that Defendants were continuing to use the RODEWAY INN® Marks, Choice Hotels again notified Defendants that their unauthorized use of the RODEWAY INN® Marks constituted trademark infringement.

47. Defendants did not respond to the notification referenced in the preceding paragraph.

48. On June 18, 2008, after receiving no response to the December 18, 2007 and February 22, 2008 notifications, Choice Hotels notified Defendants—for a fourth time—that their unauthorized use of the RODEWAY INN® Marks constituted trademark infringement.

49. Defendants did not respond to the notification referenced in the preceding paragraph.

50. Despite Choice Hotels' demands, Defendants wrongful use of the RODEWAY INN® Marks continues through the date of filing this suit.

## COUNT I
### (Trademark Infringement)

51. Choice Hotels realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

52. Choice Hotels has used the Marks continuously in commerce, since the date of first use in commerce, and have promoted the Marks in interstate commerce in the advertising, promotion, and presentation of its goods and services.

53. Defendants are currently using the Marks in connection with their hotels located at 1110 N. 7th Highway, Blue Springs, Missouri 64014.

54. Defendants have infringed the Marks in interstate commerce by various acts, including, without limitation, the unauthorized selling, offering for sale, promotion and advertising of their hotels under the marks ECONO LODGE® and RODEWAY INN®.

55. Defendants' use of the Marks in connection with their hotels is without permission or authority of Choice Hotels and said use is likely to cause confusion, to cause mistake, and/or to deceive consumers as to the source of Defendants' hotels.

56. Defendants' continued use of the Marks in connection with their hotels without the authorization of Choice Hotels infringes Choice Hotels' rights in their federally registered trademarks in violation of Section 32(l) of the Lanham Act of 1946, 15 U.S.C. § 1114(1). Defendants' continued use of the Marks creates a situation in which the public is likely to be confused, deceived, or mistaken regarding the source or sponsorship of Choice Hotels.

57. Defendants' are using the Marks in connection with their hotels despite Choice Hotels' well-known and prior established rights in the Marks. Defendants have actual notice of Choice Hotels' federal registration rights and constructive notice under 15 U.S.C. § 1072.

58. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Choice Hotels' business reputation and goodwill in its federally registered Marks. Defendant has no adequate remedy at law.

59. Pursuant to 15 U.S.C. § 1116(a), Choice Hotels is entitled to an order enjoining Defendants from using the Marks.

60. Pursuant to 15 U.S.C. § 1117(a), Choice Hotels is entitled to recover all profits derived by Defendants from its actions, all damages sustained by Choice Hotels caused by Defendants, and the costs of the action.

61. Defendants' conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award Choice Hotels three times its actual damages.

62. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a), and Choice Hotels is entitled to an award of attorneys' fees and costs.

## COUNT II
### (False Designation of Origin)

63. Choice Hotels realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

64. Defendants have intentionally confused and mislead the public, represented and created the false impression that Choice Hotels somehow authorized, originated, sponsored, approved, or licensed Defendants' use of the Marks.

65. Defendants' use of the Marks constitutes a false designation of origin or false misrepresentation that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants' hotels with Choice Hotels or as to whether Choice

Hotels has sponsored, approved, or authorized Defendants' hotels or is otherwise connected to them.

66. Since the termination of the Franchise Agreements, Choice Hotels has not authorized, licensed or given permission to Defendants to use the Marks in any manner whatsoever.

67. Defendants' use of the Marks has created, and will continue to create, a false impression concerning the association between Choice Hotels and Defendants; has created, and will continue to create, a false designation of the origin of Defendants' hotels, and has created, and will continue to create, a likelihood of confusion as to the connection among the respective parties.

68. As a direct and proximate result of Defendants' use of the Marks, a false impression of association between Choice Hotels and Defendants, and Defendants' creation of a false designation of the origin of their hotels, Choice Hotels has been damaged and will continue to be damaged.

69. Pursuant to 15 U.S.C. § 1116(a), Choice Hotels is entitled to an order enjoining Defendants from using the Marks.

70. Pursuant to 15 U.S.C. § 1117(a), Choice Hotels is entitled to recover all profits derived by Defendants from its actions, all damages sustained by Choice Hotels caused by Defendants, and the costs of the action.

71. Defendants' conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award Choice Hotels three times its actual damages.

KCP-1640549-1

12

Case 4:09-cv-00408-FJG   Document 1   Filed 05/29/09   Page 12 of 15

72. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a), and Choice Hotels is entitled to an award of attorneys' fees and costs.

73. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Choice Hotels' business, reputation and good will in the Marks. Plaintiff has no adequate remedy at law.

## COUNT III
### (Breach of Contract)

74. Choice Hotels realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

75. Defendants executed two contracts with Choice Hotels: the ECONO LODGE® Agreement and the RODEWAY INN® Agreement. Under these agreements, Choice Hotels granted Defendants licenses to use the Marks. In exchange, Defendants agreed to pay Choice Hotels a franchise fee and maintain certain minimum standards. Defendants also agreed that, if Choice Hotels rightfully terminated the contract, Defendants would cease using the Marks.

76. Defendants breached the contract by failing to pay the franchise fee owed to Choice Hotels under the ECONO LODGE® Agreement and by failing to meet certain minimum standards under the RODEWAY INN® Agreement. Due to Defendants' failure to pay fees and meet certain minimum standards, Choice Hotels terminated the ECONO LODGE® Agreement on June 27, 2007 and the RODEWAY INN® Agreement on April 3, 2007.

77. Choice Hotels has performed all of its obligations under the Agreements.

78. Defendants breached the Franchise Agreements by not ceasing use of the Marks.

79. As a direct and proximate result of Defendants' breach, Choice Hotels has suffered damages in an amount to be determined at trial. Choice Hotels is entitled to recover

KCP-1640549-1

13

Case 4:09-cv-00408-FJG   Document 1   Filed 05/29/09   Page 13 of 15

from Defendants the damages it sustained as a result of Defendants breach plus prejudgment interest and attorney's fees.

80. Defendants' breach has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Choice Hotels' business, reputation and good will in the Marks. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Choice Hotels prays that this Court enter judgment in its favor and against Defendants as follows:

(A) For preliminary and permanent injunctive relief to force Defendants to comply with the terms of the ECONO LODGE® Agreement and the RODEWAY INN® Agreement;

(B) For preliminary and permanent injunctive relief to prevent and restrain Defendants, and all persons acting in concert with Defendants, from engaging in any further violation of Choice Hotels' rights, including but not limited to immediately ceasing use of the Marks in all forms, as is more fully set forth in Plaintiff's Motion for Preliminary Injunction;

(C) For an award of all Defendants' profits derived from Defendants' wrongful actions;

(D) For an award of damages sustained as a result of Defendants' wrongful actions;

(E) For an award of three times the damages sustained by Choice Hotels;

(F) For exemplary and punitive damages;

(G) For an award of reasonable attorney's fees as determined by this Court;

(H) For costs incurred;

(I) For pre-judgment and post-judgment interest at the highest allowable rate; and

(J)     For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Choice Hotels demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Simon
Jeffrey J. Simon          MO # 35558
Sean D. Tassi             MO # 59718
Husch Blackwell Sanders LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 (FAX)
jeff.simon@huschblackwell.com
sean.tassi@huschblackwell.com

Attorneys for Plaintiff Choice Hotels International, Inc.